UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL GUZMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN DICKINSON, et al.<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:12-cv-713–MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 2)<br><br>ENDORSED COMPLAINT DUE WITHIN FOURTEEN DAYS |

　　　Plaintiff Leonel Guzman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Jorge Ornelas, Mario Gonzales, Anthony Bray, Vincent Alvarez, and Leonel Guzman, all state prisoners, initiated a joint civil rights action pursuant to 42 U.S.C. § 1983. (Ornelas v. Dickinson, E.D. Cal. 12-cv-499).  On May 3, 2012, the Court severed these individuals' claims, and directed the Clerk of Court to open new separate civil actions for Gonzales, Bray, Alvarez, and Plaintiff. (ECF No. 2.) The Court ordered Plaintiff to file an endorsed (i.e., signed by him) copy of the April 6, 2012 Complaint with the Court. (Id.) Plaintiff was to file his endorsed complaint on or before June 4, 2012. (Id.) June 4, 2012, has passed without Plaintiff having filed an endorsed copy of the Complaint or a request for an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's May 3, 2012, Order. He will be given one more opportunity, from **fourteen (14) days** of entry of this Order, **and no later**, to file an endorsed copy of the Complaint or show cause why his case should not be dismissed for failure to comply with a Court order. **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   August 8, 2012                         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE